## CITY OF RAWLINS v. MURPHY ET AL.

### (No. 642.)

APPEAL AND ERROR—CROSS ERRORS—STATUTE OF LIMITATIONS—ROADS
AND STREETS—CHANGE OF GRADE—PLEADINGS—EFFECT OF ADMIS-
SIONS—DAMAGES—UNLIQUIDATED DAMAGES—INTEREST.

1. A defendant in error in whose favor the judgment below was
   rendered is not in a position to complain of adverse find-
   ings where he has not filed a motion for new trial, or
   taken any steps to bring the question before the appellate
   court for review.

2. An action against a city for damages caused to adjacent
   property by a change in the grade of streets will be barred
   after four years from the time that the cause of action
   accrued, as it comes within Section 4300, Compiled Stat-
   utes, requiring an action for an injury to the rights of
   plaintiff, not arising on contract, "and not hereinafter
   enumerated" to be brought within four years after the
   cause of action accrues.

3. In the absence of anything in the record to the contrary,
   it must be presumed that the trial court considered and
   applied the proper statute of limitations.

4. In an action against a city for damages caused to abutting
   property by a change in grade of a street, the evidence
   was conflicting as to whether the grading was completed
   within four years before the action was brought. *Held,*
   that it being apparent that in finding for the plaintiff the
   trial court found that the grading was completed at such
   a time as would not bar the action, such finding will not
   be disturbed.

5. Where a city, which was sued for damages for injury to
   adjacent property caused by a change in the grade of a
   street, admitted in its answer that the said street adjoining
   the plaintiff's property was a public highway of the city,
   it cannot be heard on error to complain of a judgment in

plaintiff's favor, on the ground that such street where it adjoins the plaintiff's property is not a highway.

6. In an action against a city for an injury caused to adjacent property by a change in the grade of two streets, where the plaintiff was found entitled to recover on account of the grading of one of such streets only and there was some evidence as to the amount of damages caused by such grading, it was for the trial court to weigh it and determine the amount; and the amount so found by the court being fairly within the evidence, and not seeming to be excessive, it ought not to be disturbed.

7. In an action against a city for damages caused to adjoining property of the plaintiffs by a change in the grade of two streets, the plaintiffs were found entitled to recover for the grading of one of the streets only, and were given judgment for the amount of such damages as found by the trial court. The city claimed on error that under the allegations of the petition and the theory of plaintiffs on the trial, no recovery was permissible on account of the grading of one of the streets alone. *Held*, that, the city having pleaded as a partial defense non-liability for damages caused by the grading of the street for which plaintiffs were not allowed to recover, and by its answer presented the question of damages caused by the grading of the other street and admitted some grading of that street adjacent to the property, it was not prejudiced by the failure of the plaintiffs to separately state the amount of damages they claimed for grading each street, and it was proper to allow a recovery on account of the grading of the one street alone upon evidence showing a liability therefor.

8. Interest is not allowed on unliquidated damages, except in the case of demands based upon market values susceptible of easy proof.

9. The amount of damages recoverable for an injury to adjacent property caused by a change in the grade of a street is the difference in the market value of the premises immediately before and immediately after the grading.

10. In an action against a city for damages to abutting property caused by a change in the grade of a street, it was error to allow interest on the amount of damages to which the plaintiffs were found to be entitled, the evidence showing that the market values of the property before and after the grading were not susceptible of easy proof.

11. The· judgment being modified by eliminating therefrom the
    included interest amounting to $802.50, allowing the judg-
    ment to stand for $3,750; *held,* that the costs ·in the Su-
    preme Court should be equally divided, including the ·cost
    of transcript, but without taxing costs for briefs in favor
    of or against either party.

·· [Decided May 9, 1911.]                          (115 Pac. 436.)

ERROR to the District Court, Carbon County, HON. DAVID·
H. CRAIG, Judge.

The· material facts are stated in the opinion.

*Charles ·E. Blydenburgh,* for plaintiff in error.

The statute of limitations had run before the bringing of
the action, both as· to the grading on 5th street and on Front
street. Counsel for defendants in error contended in the
trial court that the action was for a statutory liability, since
the constitution prescribes that property shall not be dam-
aged for public use without just compensation, and that
therefore the action was controlled as to limitation by Sec-
tion 3455, Revised Statutes 1899 (Comp. Stat. 1910, Sec.
4299.) Our contention is that the section applicable to the
question is Section 4300, Comp. Stat., which requires an
action for an injury to the rights of plaintiff not arising
on· contract "and not hereinafter· enumerated" to be brought
within four years. (R. R. Co. v. Wolfe, 148 Fed. 961; R.
Co. v. O'Connor, 60 N. W. 326; R. Co. v. Mochel, 56
N. W. 875; Clerk v. Water Com'rs (N. Y.), 42 N. E.
414.) A liability created by the constitution is not a lia-
bility created by statute as intended or expressed in the
statute of limitations. Such statutes are to be construed
so as to give them full force and effect. (Black's· Interp.
of Law, 332; U. S. v. Wilder (80 U. S.), 20 L. Ed. 682;
McCluny v. Silliman (3 Peters), 7 L. Ed. 678.) The de-
cisions in Nebraska are particularly in point, since their
constitution is like our own, and also their statute of limi-
tations. (Omaha v. Flood, 77 N. W. 379.) The statute of
limitations begins to run from the time when a complete

cause of action accrues, that is, when suit may be maintained. (25 Cyc. 1065.) There can be no doubt that when the grading had been completed in 1901, so that the city authorities notified the parties that a sidewalk should be laid, and the sidewalk was laid during September, 1901, the right to bring the suit accrued, and the statute then began to run. Work done in smoothing off the surface of a street is not a change of grade. (Comesky v. Sufforn, 72 N. E. 320; Whitmore v. Tarrytown, 53 N. E. 489; Fallington v. Mt. Vernon, 59 N. E. 826; Stenson v. Mt. Vernon, 93 N. Y. Supp. 309.)

It was the theory of the defendants in error in the court below that the damages were inseparable. It was contended by the city that no part of the Union Pacific right of way could become a street. Defendants in error, plaintiffs below, allege that both Front street and 5th street adjacent to their property were and had been public highways, and in the custody and control of the municipal authorities. This was denied by the answer and it devolved upon the plaintiffs to prove that both streets named were under the control of the city, and also to prove the limitations and boundaries of the streets as adjacent to the property. It was admitted in the answer that 5th street was a city street and that some grading to the rear of the building of plaintiffs had been done that lowered the surface level, but that was the extent of the admission. The trial court held that nothing could be recovered on account of the grading on Front street, for the reason that it was situated entirely upon the right of way of the Union Pacific Railroad Company. Hence, for the purpose of this appeal we would not be required to show that said Front street was not a highway of the city, but we contend that a considerable portion of the evidence introduced by plaintiffs related to that part of 5th street which is also upon the railroad right of way. A street or highway can only be created either by grant, by dedication, by eminent domain proceedings, or by prescription. There is no evidence to show a grant;

of a street or highway on Front street or that part of 5th street located on the railroad right of way. A dedication depends upon the intent of the party. (13 Cyc. 451, 452; 2 Dillon Munic. Corp. 646; Elliott v. Atlantic City, 149 Fed. 849; Westport v. Bland, 51 S. E. 803.) There can be no highway on such right of way, but even if there had been an intention to dedicate a street the railroad company was unable to do that, nor could any street be acquired upon that right of way by condemnation proceedings or by prescription. (R. Co. v. Kindred, 23 Pac. 112; Ry. Co. v. Williams, 148 Fed. 442; McLucas v. Ry. Co., 97 N. W. 322; R. Co. v. Townsend (190 U. S.), 47 L. Ed. 1044.) It is evident that the city had not any exclusive control over the railroad right of way, and that there is no street upon such right of way. No true estimate or way of arriving at the damage done by the grading on 5th street is to be found in the evidence introduced by the plaintiffs. The question was first asked as to the value of the property immediately preceding the grading in 1901 and 1902 on Front and 5th streets, and after that question was answered the witness was asked the hypothetical question as to the valuation immediately after the grading. Then the question was asked as to what the damage would be on 5th street, assuming the value in every instance before the grading on Front and 5th streets together without inquiring as to the value before the grading on 5th street. This is material for the reason that it seems now to be the theory of defendant in error, and to have been the theory of the court, that the grading on Front street was completed some time before the grading on 5th street was completed, and all these gradings seem to have been taken into consideration by the witnesses. We contend that under the pleadings in the case no proof of separate damages is allowable, but if damages could be recovered for the grading on one street alone the witnesses should have been asked to testify as to the value of the property after the grading on Front street, so-called, and immediately before

the leveling on 5th street north of the railroad right of way, and then as to the value immediately following such grading of 5th street, so as to show what the damages occurring to the property were on account only of the grading to that portion of 5th street which was under the exclusive control of the city as a street.

The court erred in allowing interest upon the damages. First there is no prayer or demand in the amended petition for interest. And in the absence of any such demand the plaintiffs were not entitled to interest. (March v. Wright, 14 Ill. 248; Carter v. Lewis, 29 Ill. 500; Prescott v. Maxwell, 48 Ill. 82; Race v. Sullivan, 1 Ill.. App. 94; Grand Lodge v. Bagley, 60 Ill. 589; David v. Conrad, 1 G. Green, 336; Krause v. Hampton, 11 Ia. 457; Green v. Dunn, 5 Kan. 254; Shepard v. Pratt, 16 Kan. 209; Graves v. Wallers, 4 Ky. L. Rep. 452; Babin v. Nolan, 6 La. Ann. 295; Brown v. Bessou, 30 La. Ann. 734; Van Piper v. Morton, 1 Mo. App. 651; 61 Mo. App. 440; Goggan v. Evans (Tex.), 33 S. W. 891; Express Co. v. Milton, 74 Ky. 49; Shockley v. Fischer, 21 Mo. App. 551; Denise v. Sweet, 68 Hun 188.) Interest is not recoverable upon an unliquidated demand. (22 Cyc. 512 and cases cited.) We are aware that there is an exception to this rule, viz: that where an unliquidated demand is ascertainable by mere computation, it will bear interest; but where it requires evidence and a trial to ascertain the amount of the unliquidated demand, interest is not allowed, especially if the evidence be conflicting. In this case there can certainly be no interest allowed from the mere filing of a bill with the city, which is the date from which interest was computed. By no construction of Section 3358, Compiled Statutes, or any other statute, can statutory authority be found for interest upon damages for change of grade. (Hawley v. Baker, 5 Colo. 118; Palmer v. Murray, 21 Pac. 127.) No proper bill was ever presented to the city. This case was brought upon the theory that the cause of action itself and the damages to be recovered therein are inseparable,

and the judgment cannot be upheld · therefor which was awarded · upon an entirely different theory. It is the duty of the plaintiff to plead his cause of action with reference to a theoretical right of. recovery, and it must be good on that theory or else it will be insufficient. The. plaintiff cannot obtain relief upon a different theory from that upon which his pleading is based. (21 Ency. Pl. & Pr. 649-652; 23 Cyc. 798, 816, 817; Truess v. Kansas City (Mo.), 90 S. W. 1029; McConey v. Wallace, 22 Mo. App. 377; Stabenhorst v. Wolff, 65 N. Y. 596; Larrison v. Pollumous, 39 N. J. Eq. 303; Mfg. Co. v. Mfg. Co., 61 N. W. 1024.)

*Armstrong & Brimmer,* for defendant in error.

At common law a municipality could change the grade of its streets without liability for resulting damage to abutting property. (Hammond v. Harvard (Neb.), 48 N. W. 462; Gozzler v. Georgetown, 6 Wheat. 592; R. Co. v. Defiance, 167 U. S. 87; Transp. Co. v. Chicago, 9 Otto, 635.; Smith v. Washington, 20 How. 148.) The constitution, however, provides that private property shall not be taken or damaged for public or private use without just compensation. (Art. I, Sec. 33.) That provision is self-executing. (Hammond v. Harvard, *supra;* Harmon v. Omaha, 23 N. W. 506; Harvard v. Crouch (Neb.), 66 N. W. 276; Montgomery v. Townsend (Ala.), 2 So. 155; R. Co. v. Williamson, 45 Ark. 436; Atlanta v. Green, 67 Ga. 386; Ft. Worth v. Howard (Tex.), 22 S. W. 1059; Davis v. R. Co. (Mo.), 24 S. W. 777; Law v. People, 87 Ill. 385; Householder v. Kansas City, 83 Mo. 408; Cooley's Const. Lim. (7th Ed.) 121; Freedman v. Mathews, 8 Heisk. 488; People v. Hoge, 55 Cal. 612; Hillis v. Chicago, 64 Ill. 86; Tuttle v. Bank (Ill.), 44 N. E. 985.) Under that provision the city is liable for damage caused to property by the grading of the city highways. (Hickman v. City, 23 L. R. A. 658.) The government grant of a right of· way to the Union Pacific Railroad Company did not. pass. title to the land. (Nelson v. R. Co., 188 U. S. 108.). The.

defendant did not prove and made but a slight attempt to prove that the railroad right of way in the city is identical with the limits of the right of way which the company possessed at the time it constructed the railroad. While the court may take judicial notice of the fact that the railroad company located its right of way through the town of Rawlins yet it would not judicially notice the exact boundary lines of such right of way. There is no question but that the railroad ·was definitely located, but there is a question as to where it was so located. A right of way is described in New Mexico v. Trust Co., 172 U. S. 171. The courts will construe government grants without reference to the rules of construction adopted by states for their grants. (Packer v. Bird, 137 U. S. 61; Shively v. Bowlby, 152 U. S. 44; R. Co. v. Townsend, 190 U. S. 270.) A railroad acquires a limited fee only under a grant of a right of way, and land so granted cannot be alienated by the company. (Transp. Co. v. Car Co., 139 U. S. 38; Ry. Co. v. Ely, 197 U. S. 639.) The state retains its police powers over a right of way granted by the national government. (Interstate Com. Com. v. Ry. Co. (190 U. S.), 47 L. Ed. 1047.) An easement for a highway can be obtained only upon eminent domain, dedication or prescription. (Ry. Co. v. Williams, 148 Fed. 442.) A railroad company holding its right of way by grant from Congress can license its use for any purpose not interfering with the original purpose of the grant. (Ry. Co. v. Neb., 164 U. S. 403; Turner v. R. Co., 14 N. E. 627; R. Co. v. Richardson, 91 U. S. 454; So. Pac. Co. v. Wyatt, 132 Cal. 240; 54 L. R. A. 525.) We contend that if any portion of the street was upon the railroad right of way the user of the street for highway purposes was by permission and by license of the railroad company, and not adverse to the company's rights. Only the national government or the railroad company could question the user by the city of any portion of the right of way. (Bank v. Matthews, 98 U. S. 621; Runyan v. Lessee &c., 14 Peters, 122; Smith v. Sheeley, 79 U. S. 358; Bank.

v. Whitney, 103 U. S. 99.)    The fee of a public highway may be in the public authorities, adjacent land owners, or a third party.   (Barnes v. District, 91 U. S. 540.)    The city of Rawlins could have a right by a license to use lands for highway purposes, but this would not itself give the city any interest in the land.   A license is not an easement, but gives a right of user.   If the city had a right to use the street as a public highway it has as incident to that right the further right to grade the street.   (Proper v. Cemetery Co., 4 Atl. 528.)    The distinction between a license and an easement is discussed in Metcalf v. Hart, 3 Wyo. 514. By a license to use a part of the highway the railroad company would not alienate its fee or its interest in the land itself.    (Hodgkins v. Farrington, 22 N. W. 73.)    Such user by the city could not ripen into an easement.    (Kirk v. Smith, 9 Wheat. 241.)   A license need not be in writing. (Jones on Easements, 51; Knowles v. Dow, 22 N. H. 387; Walter v. Post, 13 N. Y. Super. Ct. 363; Cutler v. Smith, 57 Ill. 252; Fletcher v. Evans, 140 Mass. 241; Thayer v. Jarvis, 44 Wis. 388.)    To create an estoppel it is not necessary that the facts be actually admitted by the party estopped, if the circumstances are such that a knowledge of the truth is necessarily imputed.   (Drumond v. Manheim, 63 N. W. 495; 3 Words & Phrases, 2494, 2499.)  The doctrine of estoppel is applied to municipal corporations. (Haufe v. Fulton, 34 Wis. 608;  New York v. Sheffield, 71 U. S. 189;  Darlington v. Trust Co., 68 Fed. 849;  Abbott's Munic. Corp., Secs. 471, 565.)

The city is estopped from denying that it had authority to use the street as a highway adjacent to the property of defendants in error.   (Ry. Co. v. Seattle, 33 Pac. 824;  State v. Forest, 44 Pac. 194;  Kneeland v. Gilman, 24 Wis. 39.)   The claim that the statute of limitations had run is upon the assumption that the limitation was four years.   The evidence appears to show that the grading upon 5th and Front streets was not completed until the summer of 1902, as it clearly appears that the surfacing

and filling up of holes was not completed until 1902. This was an integral part of the grading. This is neither an action for trespass upon real property, nor for an injury to the rights of the plaintiff, not arising on contract. (Seymour v. Ry. Co., 44 O. St. 12.) Actions *ex delicto* are such as arise from torts or wrongs. (Van Oss v. Syon, (Wis.), 56 N. W. 190; Nelson v. Ry. Co. (Mont.), 72 Pac. 642.) The exercise of the power of eminent domain by taking or injuring property by a municipality is not a tort. (Ry. Co. v. Baker, 6 Wyo. 402.) The statute under which this action is brought being self-executing is a "statute" as that word is used in Section 3455, Revised Statutes, providing that the action therein referred to must be brought within eight years. (Willis v. St. Paul &c. (Minn.), 50 N. W. 1110; Williams v. Bruffy, 96 U. S. 176; Stevens v. Griffith, 111 U. S. 48; New Orleans &c. Co. v. Refining Co., 125 U. S. 18.) This is an action upon a liability created by statute, other than a forfeiture or penalty. (Hawkins v. Furn. Co., 40 O. St. 507; People v. Hobert, 12 Pac. 43; Com'rs v. Van Slyck, 35 Pac. 300; State v. Baker Co. (Ore.), 33 Pac. 530; State v. Pffefferle (Kan.), 7 Pac. 597; Joslyn v. Kent (Minn.), 50 N. W. 1110.) This is not an action for a forfeiture or penalty. (Hawkins v. Furn. Co., *supra.*) The act of the city in grading Front street would not be *ultra vires* in any event. (Howell v. Buff, 15 N. Y. 512; Chicago v. Turner, 80 Ill. 419; Chicago v. McGraw, 75 Ill. 566; Sewell v. Cohoes, 75 N. Y. 45; Mayor v. Sheffield, 4 Wall. 189; Leavenworth v. Laing, 6 Kan. 274; Alleghany City v. McClurksen, 14 Pa. St. 81; 4 O. St. 100; Williams v. Cunnington, 18 Pick. 312; Haufe v. Fulton, *supra.*) Most of the cases cited in the opposing brief upon the question of when the cause of action accrued are those involving the taking by a railroad company and does not involve grading a street. When grading is done the amount of damages cannot be determined until the grading is completed, while the damage for taking accrues at the time of the first application to the use of the railroad.

(Porter v. Ry. Co. (Ind.), 25 N. E. 556; Frankle v. Jackson, 30 Fed. 398; Streckler v. R. Co. (Ind.), 25 N. E. 455.)

While the owners of abutting property might have commenced an action for damages at any time while the grading was going on, the damages would only be such as had accrued up to the time the action was brought. It was not necessary for the plaintiff to prove that 5th street was a public highway of the city at the place where it adjoined the property in question, for the reason that the answer admitted that such street was a highway at that place. Even if it was improper to have allowed interest, that will not require a reversal of the judgment, for in such event the judgment could be modified to the extent of excluding the interest. It is evident that opposing counsel does not realize that the theory of the case brought by the plaintiff was that the city was liable for damages to their property caused by grading of 5th and Front streets. Upon this theory the case was tried and judgment was given. The mere fact that the court decided that the plaintiffs were not entitled to all of the damages which they claimed does not show a change in the theory of the cause of action. The defendant below was the one who endeavored to segregate the damages done by the grading on 5th and Front streets. It must therefore have been prepared to meet the evidence.

BEARD, CHIEF JUSTICE.

The defendants in error, Murphy and Ready, brought this action against the plaintiff in error, The City of Rawlins, to recover damages to their property, alleged to have been sustained by reason of the grading of certain streets adjacent thereto, in pursuance of an ordinance of the city changing the grade of said streets as previously established. The cause was tried to the court, without a jury, resulting in a judgment in favor of said plaintiffs below in the sum of $3,750, with eight per cent interest from June 29, 1906, and costs. The city brings the case here on error.

The plaintiffs alleged in their petition in the District Court, in substance, that on August 12, 1899, they were and ever since have been the owners of certain lots in said city, situated on the southwest corner of the block, and upon which there was and is a two-story stone business building, Front street being adjacent to said property on the south, and Fifth street adjacent thereto on the west. That during all of said time Front street and Fifth street were public highways of said city, and as such highways were in the lawful custody and control of said city. That prior to the purchase of said property by plaintiffs the city had established the grades of said streets; and that about August 29, 1900, new grades for said streets were established by said city, and from about July 15, 1901, up to and including the month of September, 1902, said city, without the consent of plaintiffs, changed and lowered the surface level of said Front and Fifth streets adjacent to said premises, thereby leaving said building high above the level of said streets. That by reason of such grading said premises were depreciated in value in the sum of $7,600; and that by reason of the store occupied by plaintiffs in said building being rendered inaccessible on account of said grading, plaintiffs were damaged in the sum of $2,400. That on May 31, 1906, plaintiffs presented in writing to the mayor and board of trustees of said city their claim for said damages, which claim has never been allowed. They prayed judgment for $10,000.

In its answer the defendant city admitted that Fifth street adjoining said property on the west was a public highway of said city; but denied that the so-called Front street was a public highway of said city, or in the custody or lawful control of the municipal authorities of said city, but that it was a part of the right of way of the Union Pacific Railroad Company. Admitted that after the establishment of the grade in 1900, some grading was done adjacent to said property, but denied that any grading was so done after February 1, 1902, and denied that the grading so done

lowered the level of the street adjacent to said property below the grade established in 1887, except for a short distance opposite the rear of said premises on Fifth street; and denied generally the other allegations of the petition. For a second defense, the defendant alleged that no grading had been done adjacent to said premises after February 1, 1902, and pleaded the statute of limitations. Plaintiffs by their reply denied the new matter set up in the answer.

Upon the issues thus joined, the court found that plaintiffs were entitled to recover nothing by reason of damage to their property caused by the grading of Front street; that said Front street, where it is adjacent to the property of plaintiffs, is situated entirely upon the right of way of the Union Pacific Railroad Company; that plaintiffs were entitled to recover from the defendant $3,750, together with eight per cent per annum interest thereon from June 29, 1906, as damages to said property caused by the grading done on Fifth street, the same being the amount of depreciation in the market value of the property caused by such grading.

Counsel for defendants in error have argued at some length the question of the liability of the city for the grading of Front street. But they are not in a position to here complain of the finding and judgment of the District Court in that respect, not having filed a motion for a new trial, or taken any steps to present that question to this court. Whether Front street was or was not a highway of the city for the grading of which it might be liable, is not, therefore, here for consideration.

The action was commenced June 29, 1906; and counsel for the city contend that the action was barred in four years from the time the grading was completed, and is governed by the provisions of section 4300, Comp. Stat., *viz.*; "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated"; while counsel on the other side contend that it is "an action upon a liability created by statute other than a forfeiture or penalty," and as such comes within the eight years limi-

tation provided in section 4299, Comp. Stat. We are of
the opinion that the case comes within the former and
that the action would be barred after four years from the
time the cause of action accrued. It was so held in a simi-
lar case by the Supreme Court of Nebraska, where the
statute is the same as ours. (City of Omaha v. Flood, 57
Neb. 124, 77 N. W. 379.) In the absence of anything in
the record to the contrary, we must presume that the court
so considered it and applied the proper statute; and indeed
it is stated in the brief of plaintiff in error that "the court
below also decided orally that the statute of limitations had
run as to any grading upon Front street," which statement
is not denied. As to the time when the grading on Fifth
street was completed, the evidence is conflicting. A num-
ber of witnesses testified on that point, the recollection of
some of them being that it was completed in the fall of 1901,
and of others that it was late in the spring or summer of
1902. There was also introduced in evidence a part of the
record of the proceedings of the council of the city con-
taining directions to the clerk "to advertise for bids for the
grading of Fifth street from Front street to Buffalo street
* * * Bids to be received until the 16th day of June, 1902."
It being apparent that the court must have found that the
grading on Fifth street was not completed before June 29,
1902, in order to find for plaintiffs, and the evidence being
conflicting, under the well settled rule, this court will not
disturb such finding.

It is further contended that there is no valid evidence
upon which to base a finding of damages to the amount
found by the court, or in any amount, as the result of the
grading on Fifth street alone; and that the evidence shows
that a part of said street is on the right of way of the
U. P. R. R. Co. In its answer the defendant admitted that
"Fifth street adjoining the above described property on
the west was a public highway of the City of Rawlins, but
in relation to the so-called Front street this defendant says
that by the plat of said part of the City of Rawlins, filed
by the U. P. R. R. Co., there is no Front street laid out

or designated, nor by the authority of the City of Rawlins has any Front street ever been laid out or designated and the space to the south of said buildings and premises described in said amended petition, is a part of the right of way of the Union Pacific Railroad Company." The plat of the city introduced in evidence by the defendant shows that Fifth street extends along the entire west side of the lots in question. In view of such admission in the answer, we do not think the city should now be heard to claim that it is not liable for the damage caused by the grading of any part of Fifth street adjacent to the property, on the ground that it is not a highway. The evidence in relation to the amount of damage caused by the work done on that street alone is not the most satisfactory, but what there is is uncontradicted and ranges from $1,000 to $4,500. It cannot be said that there is an entire lack of evidence in that respect. There being some evidence, it was for the trial court to weigh it and determine the amount. The sum found by the court being fairly within the evidence, and not seeming to us to be excessive, ought not to be disturbed. In this connection it is also urged that the court erred in segregating the damages; and that under the allegations of the petition and plaintiffs' theory on the trial no recovery could be had on account of the grading of Fifth street alone. But we do not agree with counsel in that contention. The city pleaded its non-liability for damages caused by the grading of Front street as a partial defense to the action, and we think by its answer presented the question of damage caused by the grading of Fifth street alone, on a part of which it admitted it had done some grading adjacent to the property; and it sought to show by cross-examination of plaintiffs' witnesses that such damage was slight, if any. We are unable to see how the city was prejudiced by the failure of plaintiffs to separately state the amount of damages they claimed for the grading of each street. The city had an opportunity to show, if it could, that no damage was caused by the work done on Fifth street, or that it was less than that stated by plaintiffs' witnesses.

There is but one other question presented, that is, the question of interest. The rule and the exception thereto are stated in Kuhn v. McKay, 7 Wyo. at p. 65. The general rule being that interest is not allowed on unliquidated damages. The exception being, "demands based upon market values, susceptible of easy proof, though unliquidated until the particular subject of the demand has been made certain by agreement or proof, are not so uncertain that no default can be predicated of any delay in making payment. (1 Sutherland on Damages, 610.) Therefore, on such a demand interest is not denied." In this case it is true that the amount of damages recoverable was the difference in the market value of the premises immediately before and immediately after the grading, caused by the grading for which the city was liable. But the evidence shows that such market values were not susceptible of easy proof, and for that reason the case does not come within the exception. There were a number of witnesses called on that question, and they varied in their estimates of the market value of the property immediately before the grading, such estimates ranging from $8,000 to $25,000. In addition to that fact, plaintiffs were demanding damages for an injury for which the court held the city not liable. We think the court erred in allowing interest on the amount of damages to which it found plaintiffs entitled. The item of $802.50 interest included in the judgment should be eliminated therefrom. The cause will be remanded to the District Court with directions to so modify its judgment, and as so modified the judgment is affirmed.

Section 5126, Comp. Stat., provides, when a judgment is reversed in part and affirmed in part, the court may apportion the costs between the parties in such manner as it deems equitable. We think this case comes within that provision. The costs in this court, including cost of transcript, will be equally divided between the parties, but no costs will be taxed to, or in favor of either party for briefs.

*Reversed in part and affirmed in part.*

SCOTT, J., and POTTER, J., concur.